# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID M. KASHULA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-955-DRH |
| | ) |
| NANCY J. BUSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, formerly an inmate in the Menard Correctional Center, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671-2680. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In November 2004, Plaintiff entered Scott Air Force Base to shop at the commissary, using

his Naval Reserve military identification card. After completing his shopping, he was stopped at the gate at gun point and ordered out of the vehicle. Plaintiff and his guest were searched, as was his vehicle. Plaintiff was told that the security office had received a report from Defendant Nancy Buss that Plaintiff was on the base illegally, armed, and with a fraudulent identification card. Plaintiff was detained and questioned for several hours; he was eventually released after signing a document which banned him from entering Scott AFB in the future. Plaintiff later attempted to file formal charges against Buss, but his complaints to the FBI, the St. Clair County Sheriff, the US Attorney, and the Department of Justice were unsuccessful.

The basis for this action is Plaintiff's belief that Buss knowingly filed a false security report against him. He next alleges that Defendant Faulkenberry knew of Buss's actions yet failed to remedy the situation. Plaintiff further claims that Ryan Province, of the FBI, failed to investigate his claims, nor did officials from the county sheriff. As stated above, Plaintiff invokes jurisdiction under the Federal Tort Claims Act.

> Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable. *Richards v. United States*, 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962). This category includes claims that are:
>
>> "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).

To emphasize, "to be actionable under § 1346(b), a claim must ***allege***, *inter alia*, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of

the place where the act or omission occurred.'" *Id.* (bold italics added for emphasis). In other words, Plaintiff must allege that Defendants Buss, Faulkenberry and Province would be liable to him for their actions or inactions under Illinois state law, and he must allege under what theory of state law that liability would lie. The instant complaint presents no such allegations, and thus Plaintiff has failed to state a claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: December 7, 2007.**

                                          /s/     DavidRHerndon
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**